## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Kenneth Acevedo, Special Agent of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), being duly sworn, depose and state under oath that:

1) Your affiant is an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2) I am a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), where I have worked since June 2024. During my tenure as a Special Agent, I have completed a 12-week Criminal Investigation Training Program (CITP) and a 15-week Homeland Security Investigations Special Agent Training (HSISAT) program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. Prior to my tenure as a Special Agent, I graduated from Embry-Riddle Aeronautical University with a Bachelor of Science in Project Management. I served for six years in the U.S. Air National Guard with one deployment overseas supporting U.S. contingencies operations abroad. While serving in the military, I also worked for six years as a contractor with Customs and Border Protection, Air and Marine Operations (CBP AMO), supporting federal law enforcement and national security operations.

3) This affidavit is being submitted in support of an application for an arrest warrant in the matter of Madden Lai. Your affiant submits that there is probable cause to believe that LAI did unlawfully, knowingly, and intentionally violate Title 18, United States Code § 922(e), failure to declare a firearm to an airline.

4) The information contained within this affidavit is based on your affiant's personal knowledge, training and experience, as well as information provided to him by other law

enforcement officers assisting with this investigation. Your affiant has not included each and every fact known to him concerning this investigation. Your affiant has set forth only the facts that he believes are necessary to establish the foundation for an order authorizing arrest of LAI.

## FACTS AND CIRCUMSTANCES

5)   On February 02, 2025, at approximately 3:00 am, Transportation Security Administration (TSA) officers at Rafael Hernandez Airport in Aguadilla, Puerto Rico conducted a routine security screening of Madden Lai as he attempted to board a flight to Chicago Midway on a common carrier. This flight travelled in interstate commerce.

6)   During the screening, TSA officers identified a .223 caliber rifle round inside his carry-on bag, prompting further inspection. Upon conducting a secondary search, TSA officers discovered additional firearm components in the suspect's possession, specifically a 9mm pistol barrel, a firearm safety pin, and a firearm spring in his carry-on.

7)   Further investigation revealed that additional firearm parts were stored in the suspect's checked baggage, which he had not declared to the airline. The suspect was also found to be wearing a bulletproof vest and carrying two face masks and a small quantity of marihuana in his jacket. At Chicago Midway, the checked baggage was opened, revealing the following firearm receiver and ammunition:



2

8) After being taken into custody by Puerto Rico Police Department (PRPD), the case was referred to Homeland Security Investigations (HSI) for further investigation.

9) On the same date, at approximately 10:00 am, HSI Special Agents interviewed LAI. After reading and explaining LAI his constitutional rights against self-incrimination, LAI voluntarily signed a document waiving his rights and decided to provide statements about the events in which he was arrested.

10) LAI stated that he purchased a 9mm SAR-9 pistol in Kansas and transported it to Puerto Rico in August 2024 by disassembling the firearm and distributing its parts between his carry-on and checked luggage.

11) LAI admitted that on this occasion, he was using the same technique to transport the firearm back to the mainland United States. LAI acknowledged that he never declared the firearm parts or ammunition to the airline, despite being aware of the items in his possession.

[REST OF PAGE INTENTIONALLY LEFT BLANK]

## **CONCLUSION**

12) Based on the foregoing, there is probable cause to believe that Madden Lai knowingly violated Title 18, United States Code § 922(e), failure to declare a firearm to an airline by attempting to transport firearm components and ammunition without proper notification to the airline.

_____
Kenneth Acevedo
Special Agent
Homeland Security Investigations

Sworn and subscribed to me in accordance with the requirements of FRCP 4.1 this ___3rd___ day of February, 2025, in San Juan, Puerto Rico at 11:35 a.m.

_____
Digitally signed by Hon. Bruce J. McGiverin

Hon. Bruce J. McGiverin
United States Magistrate Judge
District of Puerto Rico

4